| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>------------------------------------------------------------x<br>In re:<br><br>45 JOHN LOFTS, LLC,<br><br>        Debtor.<br>------------------------------------------------------------x<br>RELIABLE ABSTRACT CO., LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>45 JOHN LOFTS, LLC, CHAIM MILLER<br>a/k/a HARRY MILLER, CHUN PETER DONG,<br>ANN HSIUNG, and JOHN DOES 1-10,<br><br>        Defendants.<br>------------------------------------------------------------x | **NOT FOR PUBLICATION**<br><br><br>Chapter 11<br><br>Case No. 16-12043 (SHL)<br><br><br><br>Adv. Pro. No. 16-01196 (SHL) |

**MEMORANDUM DECISION AND ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED VERIFIED COMPLAINT**

**A P P E A R A N C E S :**

**CARTER LEDYARD & MILBURN LLP**
*Counsel for Plaintiff Reliable Abstract Co., LLC*
Two Wall Street
New York, New York 10005
By:    Jacob H. Nemon, Esq.
          Mitchell C. Shapiro, Esq.
          Leonardo Trivigno, Esq.

**WILK AUSLANDER LLP**
*Counsel for the Debtor-Defendant 45 John Lofts, LLC*
1515 Broadway, 43rd Floor
New York, New York 10036
By:    Eric J. Snyder, Esq.

**SILVERMAN SHIN & BYRNE PLLC**
*Counsel for Defendant Chun Peter Dong*

88 Pine Street, 22nd Floor
New York, New York 10005
By:   Peter R. Silverman, Esq.
      Donald F. Schneider, Esq.
      Andrew V. Achiron, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of Reliable Abstract Co., LLC (the "Plaintiff" or "Reliable") for leave to file a second amended verified complaint (the "Motion"). [*See* ECF No. 28].[1]  The Motion is opposed by Defendant-Debtor, 45 John Lofts, LLC (the "Debtor" or "Lofts") and Defendant Chun Peter Dong. [*See* ECF Nos. 31, 32].  For the reasons stated below, the Court grants the Motion in part and denies it in part.

## BACKGROUND

Plaintiff's claims relate to a $1.97 million loan (the "Loan") that it made on March 7, 2014, which it alleges was solicited by Sam Sprei and Chaim Miller on behalf of the Debtor Lofts.  *See* Motion ¶¶ 1, 5; Proposed Second Amended Verified Complaint ("Proposed SAC") ¶¶ 1, 33 [ECF No. 28-1].  Plaintiff alleges the Loan was solicited to meet a shortfall at a closing on property located at 45 John Street, New York, New York (the "Property") that was being purchased by the Debtor Lofts.  *See* Proposed SAC ¶¶ 1, 33; *see also* Depo. Tr. of Sam Sprei, dated Dec. 15, 2015, at 15:18–16:12, 17:8–18:3, attached as Exh. D to the Motion [ECF No. 28-4].  Plaintiff alleges that Mr. Sprei instructed it to wire the Loan to an account belonging to Sullivan 90 Holdings LLC ("Sullivan 90"), an entity controlled by Mr. Miller and Mr. Dong. *See* Proposed SAC ¶¶ 37–38; *see also* Exhs. E and F, attached to the Motion [ECF Nos. 28-5,

---

[1]    Unless otherwise specified, references to the Case Management/Electronic Case Filing ("ECF") docket are to this adversary proceeding.

28-6] (confirming $1.97 million wire to Sullivan 90 account). There is no dispute that $500,000 of the Loan was repaid in September 2014, but that $1.47 million remains unpaid. *See* Proposed SAC ¶¶ 4, 63; Motion ¶ 9.

To understand the present Motion, some background on a related bankruptcy case is necessary. In September 2014, a few months after the Loan was made, the Debtor Lofts entered an agreement to sell the Property to HS 45 John LLC ("HS 45 John"). *See* Agreement of Purchase and Sale, attached as Exh. 8 to Decl. of Peter R. Silverman [ECF No. 32-8]. Under the agreement, HS 45 John was to purchase the Property for $17,500,000, plus an amount equal to the unpaid principal balances of certain mortgage loans on the Property. *See id.* § 3.1. When the seller Debtor Lofts was unwilling or unable to close on the sale, the buyer HS 45 John filed for bankruptcy in February 2015. *See* Voluntary Petition [Case No. 15-10368, ECF No. 1]. There was extensive litigation in the HS 45 John bankruptcy among the parties who claimed to have an interest in the seller, the entity that is now the Debtor in this bankruptcy and a defendant in this adversary proceeding. Ultimately, a global settlement was reached and approved by this Court in the HS 45 John bankruptcy that allowed the sale of the Property to go forward to an unrelated third party (the "HS 45 John Settlement"). *See* Order Granting Debtor's Omnibus Motion [Case No. 15-10368, ECF No. 156]; *see also* Settlement Agreement [Case No. 15-10368, ECF No. 143-1]. The HS 45 John Settlement provided for the payment of various parties from that sale and resolved various pre-petition and post-petition litigation involving numerous parties, including Mr. Dong. *See* Settlement Agreement. Under the HS 45 John Settlement and the plan of reorganization in that case, Mr. Dong received $1.5 million from proceeds of the sale of the Property, which closed in January 2016. *See id.* § 2(E); *see also* Plan § 4.10–4.12 [Case No. 15-10368, ECF No. 158].

3

Reliable objected to the HS 45 John Settlement.  Reliable asserted that it had made the Loan to Lofts and its principals in March 2014 to purchase the Property, and that $1.47 million remained outstanding.  *See* Opposition to Motion to Approve Global Settlement Agreement at 1–2, 7 [Case No. 15-10368, ECF No. 148].  Reliable argued that as a creditor of Lofts, its claims should take priority over those of investors and equity holders in Lofts, including Mr. Dong, and the so-called 41% Investors of Lofts, Mr. Miller, and Mr. Sprei.  *See id.* at 1–2, 6.  Reliable asserted that the HS 45 John Settlement fraudulently conveyed funds to the purported members of Lofts prior to compensating Reliable and that the proposed sale of the Property would render Lofts insolvent and unable to pay Reliable.  *See id.* at 20–21.  But the Court overruled Reliable's objection, finding that Reliable lacked standing to object to the settlement.  *See* Transcript of Hearing Held on October 29, 2015 ("October 2015 Hr'g Tr.") 52:23–24 [ECF No. 15-10368, ECF No. 224].  More specifically, the Court noted that Reliable was not a creditor of debtor HS 45 John and that Reliable instead sought to block the settlement based on its claim for money against Lofts, a non-debtor entity.  *See id.* at 53:4–15.  Noting that a creditor of a creditor is not a creditor in a bankruptcy case, the Court was troubled by the notion of permitting Reliable to scuttle a settlement that resolved the HS 45 John bankruptcy, when resolution of Reliable's claims could only be accomplished through litigation with non-debtors, Lofts, Mr. Miller, and Mr. Dong, among others.  *See id.* 53:13–54:2 (Court noting a creditor of a creditor is not a creditor in a bankruptcy case, citing *Roslyn Sav. Bank v. Comcoach Corp.* (*In re Comcoach Corp.*), 698 F.2d 571 (2d Cir. 1983) and *Krys v. Official Comm. of Unsecured Creditors* (*In re Refco Inc.*), 505 F.3d 109, 116–19 (2d Cir. 2007)).

Turning back to the case presently before the Court, the current complaint (the "Complaint") alleges nine causes of action.  The first four claims are for breach of contract and

4

fraud based on the failure of Lofts and Mr. Miller to repay the Loan. *See* Amended Verified Complaint ¶¶ 79–108, attached as Exh. B to the Motion [ECF No. 28-2]. The fifth claim is for conspiracy to commit fraud/aiding and abetting fraud against Lofts, Mr. Miller, and Mr. Dong, alleging that they induced Reliable to forebear from commencing litigation with the false representation that they would repay the Loan from the proceeds of the Property sale. *See id.* ¶¶ 109–116. In its sixth claim, Reliable seeks recovery for unjust enrichment against Lofts, Mr. Miller, and Mr. Dong, alleging they wrongfully received distributions and repayment of capital contributions from Lofts while Reliable has not been compensated for at least $1.47 million of the Loan. *See id.* ¶¶ 117–125. The final three claims are for related relief in the form of a declaratory judgment, an accounting, and appointment of a receiver. *See id.* ¶¶ 126–140.

By this Motion, Plaintiff now seeks to add both new parties and new claims to the Complaint. More specifically, it seeks to add (i) Sullivan 90 and Sam Sprei as defendants; and (ii) three new claims—proposed causes of action five,[2] six, and seven—based on unjust enrichment and fraudulent conveyance. *See* Motion ¶¶ 1–3; *see also* Proposed SAC ¶¶ 72–140.[3]

The proposed new fifth and sixth causes of action for unjust enrichment and fraudulent conveyance are based on the $1.5 million payment Mr. Dong received in the HS 45 John Settlement. *See* Proposed SAC ¶¶ 104–130. Plaintiff contends that the January 2016 sale of the Property left the Debtor Lofts without any assets and the HS 45 John Settlement stripped the Debtor of funds to satisfy its obligations to Reliable, even though Mr. Dong—an investor in

---

[2]    Proposed count five includes much of what is alleged in the sixth cause of action in the current Complaint. However, proposed count five includes additional allegations related to the $1.5 million payment to Mr. Dong as part of the HS 45 John Settlement. *See* Proposed SAC ¶¶ 109–114. It is these additional allegations that are the subject of the objections. *See, e.g.,* Defendant's Opposition to the Motion ("Dong Opposition") at 22 [ECF No. 32-15].

[3]    Plaintiff also seeks to drop certain causes of action and Ann Hsiung as a defendant. *See* Motion ¶¶ 4, 36. No party has objected to the proposed amendments dropping the causes of action or Ms. Hsiung as a defendant. Accordingly, the Court will grant that requested relief.

Debtor Lofts—received $1.5 million from the sale proceeds. *Id.* ¶¶ 110–116, 120–125. Plaintiff alleges this violated New York LLC Law § 508(a) and New York Debtor Creditor Law § 276. *See id.* ¶¶ 113, 123–124. The proposed seventh cause of action for unjust enrichment is based on distributions the defendants received from the August 2016 sale of the sole asset of defendant Sullivan 90. *See id.* ¶¶ 131–140. Mr. Dong opposes the Motion as untimely, prejudicial, and devoid of merit. *See* Dong Opposition at 15–27. The Debtor also opposes the Motion, arguing that Reliable's claims against it should be adjudicated through the bankruptcy claims allowance process and that Reliable does not have standing to assert a fraudulent conveyance claim. *See* Debtor's Opposition to the Motion ("Debtor's Opposition") ¶¶ 2–14 [ECF No. 31]. Neither Mr. Sprei nor Sullivan 90 opposed the Motion.

## DISCUSSION

### A. Legal Standard for Leave to Amend

In deciding a motion for leave to amend a complaint under Rule 15 of the Federal Rules of Civil Procedure, applicable to bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 7015, courts should grant the motion "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant or deny a motion to amend rests within the "sound judicial discretion of the trial court." *Adelphia Recovery Trust v. FPL Grp., Inc.* (*In re Adelphia Commc'ns Corp.*), 452 B.R. 484, 489 (Bankr. S.D.N.Y. 2011) (citation omitted). A court may "deny a motion to amend a pleading (i) if there has been undue delay, bad faith or a dilatory motive on the part of the movant; (ii) if there has been repeated failure to cure a deficient pleading; (iii) if there would be undue prejudice to the opposing party; or (iv) if the amendment would be futile." *Tronox Inc. v. Kerr McGee Corp.* (*In re Tronox Inc.*), 503 B.R. 239, 340 (Bankr. S.D.N.Y. 2013).

6

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384–85 (2d Cir. 1968) (finding three-year delay from filing of initial complaint as inadequate basis to deny a motion to amend and that delay alone does not support finding of bad faith or prejudice). Nevertheless, "after a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *McGee v. Dunn,* 940 F. Supp. 2d 93, 108 (S.D.N.Y. 2013) (internal quotations and citation omitted). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (internal quotations and citation omitted). An amendment is "futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Picard v. Madoff* (*In re Bernard L. Madoff Inv. Sec. LLC*), 468 B.R. 620, 627 (Bankr. S.D.N.Y. 2012) (quoting *Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002)).

When a defendant objects to a proposed amended complaint, the court may scrutinize that complaint as if it were subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Velez v. Fogarty*, 2008 WL 5062601, at *3–4 (S.D.N.Y. Nov. 20, 2008). The court must accept the facts alleged by the plaintiff as true and construe them in the light most favorable to the defendants. *See Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 113728, at *4 (S.D.N.Y. Jan. 13, 2014). If the amendments are at least colorable "especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent

7

motions to dismiss or for summary judgment." *Id.* (citation omitted). Under Rule 12(b)(6), a court looks to whether a plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Taken as true, these facts must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Reliable Does Not Have Standing to Pursue the Proposed Sixth Cause of Action for Fraudulent Conveyance

The Court turns first to whether Reliable as a creditor has standing to pursue the proposed sixth cause of action for fraudulent conveyance.[4] If it does not have standing, the request to add this claim must be denied. In considering this question, the Court must first examine the power of a trustee—or a party acting as trustee such as a debtor-in-possession—to bring a fraudulent conveyance action under Section 544 of the Bankruptcy Code. *See* 11 U.S.C. § 544; 11 U.S.C. § 1107 (setting forth powers of a debtor-in-possession, which include all functions and duties of a trustee); *see also U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 200 n.3 (1983) (stating with certain exceptions, a debtor-in-possession "performs the same functions as a trustee in a reorganization."). Under the Bankruptcy Code, a trustee is permitted "to assert claims which belong to the debtor, or under his 'strong arm' or avoiding powers, belong to the debtor's creditors under state law." *Keene Corp. v. Coleman* (*In re Keene Corp.*), 164 B.R. 844, 851 (Bankr. S.D.N.Y. 1994). The trustee is authorized "to prosecute such claims for the benefit of all creditors[.]" *Id.* This "necessarily deprives individual creditors of standing to pursue the same

---

[4] Reliable contends that this Court, in ruling on its objection to the HS 45 John Settlement in that bankruptcy case, stated Reliable could bring fraudulent conveyance claims in this adversary proceeding. *See* Motion ¶ 14. However, this is a mischaracterization of the record from that hearing. In overruling Reliable's objection to the HS 45 John Settlement, the Court stated that Reliable retained its claims against any third party. *See* October 2015 Hr'g Tr. 54:9–11. As the Court made clear at the hearing held on November 10, 2016, on this Motion, the Court did not state that Reliable was permitted to bring a fraudulent conveyance claim based on the HS 45 John Settlement on behalf of all creditors of Lofts in a subsequent bankruptcy case. *See* Transcript of Hearing dated November 10, 2016 ("November 2016 Hr'g Tr.") 16:10–20, 16:25–17:11 [ECF No. 35].

8

claims for their sole benefit." *Id.* But a trustee does not seize control over a cause of action that belongs solely to one creditor or group of creditors. *See cf. Grubin v. Rattet (In re Food Mgmt. Grp., LLC)*, 380 B.R. 677, 692 (Bankr. S.D.N.Y. 2008) (citing *In re Betty Owens Schs., Inc.*, 1997 WL 188127, at *2 (S.D.N.Y. Apr. 17, 1997)). Rather, the trustee has standing to bring causes of action that the "bankrupt corporation could have instituted if it had not filed for bankruptcy protection." *Id.* at 691 (internal quotations and citation omitted).

The Second Circuit "has explained that '[i]f a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action.'" *Fox v. Picard (In re Madoff)*, 848 F. Supp. 2d 469, 479 (S.D.N.Y. 2012) (quoting *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 701 (2d Cir. 1989)). "This reasoning applies to claims against a non-debtor third party." *Id.* To determine standing, courts "look to the underlying wrongs as pleaded in the complaint and whether the plaintiff alleges a particularized injury." *Shafferman v. Queens Borough Pub. Library (In re JMK Constr. Grp., Ltd.)*, 502 B.R. 396, 404 (Bankr. S.D.N.Y. 2013) (citation omitted). A claim is general if it "seek[s] to recover for an injury that was inflicted not by specific acts of the . . . defendants directed toward the . . . [plaintiffs] themselves, and not by violating a duty owed directly to the [plaintiffs], but by a single set of actions that harmed [the debtor] and all [the debtor's creditors] in the same way and for the same reason." *In re Madoff*, 848 F. Supp. 2d. at 480. General claims "have the effect of bringing the property of the third party into the debtor's estate, and thus would benefit all creditors." *St. Paul Fire & Marine Ins.*, 884 F.2d at 701. On the other hand, "[a] cause of action is considered 'personal' if there is injury to only one or a select group of specific creditors, and other creditors have no interest in the

9

action." *In re Cabrini Med. Ctr.*, 2012 WL 2254386, at *7 (Bankr. S.D.N.Y. June 15, 2012) (citation omitted).

It is well established that a trustee "has the authority to bring a claim for fraudulent conveyance on behalf of the estate." *Gordon-Oliver v. Wiesner Prods. Inc.* (*In re Ryan & Jane Ltd.*), 2016 WL 3742005, at *4 (Bankr. S.D.N.Y. July 5, 2016). While typically state law

> provides creditors with the right to assert fraudulent conveyance claims, [a] typical fraudulent transfer claim is perhaps the paradigmatic example of a claim that is 'general' to all creditors. . . . It is normally the debtor's creditors, and not the debtor itself, that have the right to assert a fraudulent transfer claim outside of bankruptcy, but in bankruptcy such a claim is usually brought by the trustee, for the benefit of all creditors. This is because the claim is really seeking to recover property of the estate.

*Marshall v. Picard* (*In re Bernard L. Madoff Inv. Sec. LLC*), 740 F.3d 81, 91 (2d Cir. 2014) (quoting *Highland Capital Mgmt. LP v. Chesapeake Energy Corp.* (*In re Seven Seas Petroleum, Inc.*), 522 F.3d 575, 589 n.9 (5th Cir. 2008)).

Plaintiff argues it has standing for its fraudulent conveyance claim because it has suffered a particularized injury arising from its specific exclusion from the HS 45 John Settlement. *See* Plaintiff Reliable Abstract Co. LLC's Reply on its Motion ("Reliable's Reply") ¶¶ 18–19 [ECF No. 33]; *see also* November 2016 Hr'g Tr. at 6:20–7:2, 8:8–10; 9:10–12 (Plaintiff explaining basis for particularized claim and pointing to N.Y. Debtor Creditor Law § 276 as an additional basis). But the Court disagrees. Reliable's fraudulent conveyance claim alleges a general injury rather than a particularized one. More specifically, Plaintiff alleges that "Defendants 45 John and Dong intentionally and knowingly hindered, delayed and defrauded Defendant 45 John's *other creditors* including Plaintiff Reliable." Proposed SAC ¶ 120 (emphasis added); *see also id.* ¶ 126 ("The distribution to Defendant Dong was fraudulent . . . since it rendered Defendant 45 John insolvent *as to its creditors,* including Plaintiff Reliable.") (emphasis added). Said another

10

way, the Plaintiff alleges that money should not have gone to Mr. Dong in connection with the HS 45 John Settlement and sale of the Property because it deprived Lofts of assets with which to pay creditors. *See In re JMK Constr. Grp.*, 502 B.R. at 404 (stating to determine standing courts "look to the underlying wrongs as pleaded in the complaint and whether the plaintiff alleges a particularized injury."); *McHale v. Alvarez* (*In re 1031 Tax Grp., LLC*), 397 B.R. 670, 679 (Bankr. S.D.N.Y. 2008) ("[A] [c]ourt . . . only looks to the allegations as they are stated in the complaint, not as they are characterized in the plaintiff's motion . . . .").

But there is nothing unique about this alleged harm as to Reliable, as opposed to any other creditor of Lofts. Reliable has not presented any unique claim to these funds, such as a trust fund theory or that the funds were held in escrow on its behalf. *See cf. Picard v. JPMorgan Chase Bank & Co.* (*In re Bernard L. Madoff Inv. Sec. LLC*), 721 F.3d 54, 70–71 (2d Cir. 2013) (finding customers' claims "against third-party financial institutions for their handling of individual investments made on various dates in varying amounts" were particularized to individual creditors); *In re 1031 Tax Grp., LLC*, 397 B.R. at 682 (concluding claims based on fraudulent and negligent misrepresentations were direct and could be asserted by creditors in state court where principal allegations were that defendant: (i) misrepresented that plaintiffs' money would be held in a trust account and (ii) failed to disclose that money from exchanger accounts were being transferred to third-party bank accounts over which the defendant had no control). In short, there is nothing that would give Reliable a unique claim to these funds that is different than another creditor of Lofts.[5]

---

[5] Of course, the Court recognizes that there is a potential conflict inherent in the Debtor Lofts bringing a fraudulent conveyance claim against Mr. Dong, who is a managing member of the Debtor Lofts. But such issues are appropriately addressed in a motion for *STN* standing, which is the vehicle by which a creditor such as Reliable may seek standing to pursue a lawsuit on behalf of the estate. *See Adelphia Commcn's Corp. v. Bank of Am., N.A.* (*In re Adelphia Commcn's Corp.*), 330 B.R. 364, 373–74 (Bankr. S.D.N.Y. 2005) (discussing practice, under *STN* cases, whereby committees and individual creditors may prosecute actions on behalf of a debtor's estate); *see also In re*

11

C. **Reliable Fails to Satisfy the Amendment Standard for the Proposed Fifth and Seventh Causes of Action**

As to the remaining proposed amendments, the Court first concludes Reliable may amend its Complaint to add Mr. Sprei and Sullivan 90 as defendants. Neither Mr. Sprei nor Sullivan 90 have objected to the Motion. Mr. Dong complains about prejudice from such an amendment because he would be required to assert a cross-claim against Mr. Sprei and conduct discovery related to that cross-claim. *See* November 2016 Hr'g Tr. 32:20–24. But the Court nonetheless finds the amendment appropriate because it concerns the central transaction addressed in the original complaint—the Loan from Reliable—and would not unduly expand the scope of the litigation.[6]

But the Court reaches a different conclusion on the remaining two proposed new claims. The proposed fifth cause of action alleges unjust enrichment based on the $1.5 million payment that Mr. Dong received under the HS 45 John Settlement. In resolving numerous claims among various parties in the HS 45 John bankruptcy, the HS 45 John Settlement provided compensation to various parties. These settled claims were based on the buyer HS 45 John's claims against the seller Lofts for not going through with the sale of the Property and claims among various partners who asserted ownership in the seller Lofts, including but not limited to Mr. Dong. These included claims arising out of Lofts' alleged receipt of $14.5 million as a deposit and the

---

*Image Innovations Holdings, Inc.*, 391 B.R. 255, 259 (Bankr. S.D.N.Y. 2008) (explaining instances where a creditor may obtain standing to bring a claim on debtor's behalf). Reliable has not filed such a motion.

[6]    Mr. Dong has complained that Reliable's principal, Mr. Deckelbaum had a long-standing relationship with Mr. Sprei and Mr. Miller and that he would often wire loans that were undocumented at their request. *See* Dong Opposition at 13. Indeed, Mr. Dong argues the Motion was filed in bad faith, stating that Mr. Deckelbaum previously swore that he wired the Loan to an attorney for Lofts, despite the fact that Mr. Deckelbaum knew the funds were wired to the Sullivan 90 account. *See* Dong Opposition at 11–12 (citing sworn statements by Mr. Deckelbaum in various court proceedings). Mr. Dong's counsel suggests that Mr. Deckelbaum's prior misstatement was made to protect the long-standing relationship between Mr. Deckelbaum and Mr. Miller and Mr. Sprei. *See* November 2016 Hr'g Tr. 29:9–30:15. But the Court does not currently have the merits of these allegations before it and the allegations alone are insufficient to justify denying this amendment based on bad faith.

ultimate disposition of that money, which granted HS 45 John status as a vendee-in-possession for the Property. In seeking now to sue parties who received compensation as part of that settlement, Reliable seeks to collaterally attack the settlement approved by this Court in the HS 45 John bankruptcy, even though it lacked the standing to do so in that case. *See* October 2015 Hr'g Tr. 52:23–53:25 (citing *In re Comcoach*, 698 F.2d at 574 (noting a creditor of a creditor is not a creditor in a bankruptcy case)). Even if such a collateral attack were proper—and it is not—allowing the proposed fifth claim would significantly expand the scope of litigation beyond Reliable's current claim based on its Loan; this would require parties to conduct additional discovery about the basis for the HS 45 John Settlement and further delay resolution of this dispute. *See AEP Energy*, 626 F.3d at 725–26; *see also* Dong Opposition at 10, 16. The Court sees no way around the fact that any other parties who received distributions under the HS 45 John Settlement would be brought into the litigation. *See* November 2016 Hr'g Tr. 33:13–24.[7] The parties who recovered such distributions include lenders and various investors, including Mr. Dong.

There also has been delay in seeking to amend the complaint to add proposed count five. The Motion is made nearly two years after the initial state court complaint was filed in this now-removed action. *See NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 151 (S.D.N.Y. 2003) (stating long period of delay between filing of original complaint and motion to amend constituted sufficient prejudice to deny motion to amend where delay was nearly two

---

[7] The Debtor argues that the proposed fraudulent conveyance claim is a collateral attack on the order confirming the HS 45 John Settlement because the claim not only attacks the $1.5 million that Mr. Dong received but also the $4 million received by the "41% Investors" under the settlement. *See* November 2016 Hr'g Tr. 37:22–38:1. Thus, the so-called 41% Investors would be brought into the litigation, and they along with Mr. Dong will look to the other parties that received distributions under the HS 45 John Settlement for the money they are owed. *See id.* 37:22–38:8. The result would be an unraveling of the HS 45 John Settlement, which was approved by this Court. The Court shares these concerns, which is part of the reason that it will not allow amendments based on the HS 45 John Settlement.

13

years). The Motion was made nearly eight months after initial discovery was completed and Plaintiff filed its note of issue and certificate of readiness in state court. *See* Dong Opposition at 15–16. Furthermore, Reliable delayed in seeking to amend its complaint once it learned the fact that spurred its request to amend. While Reliable argues the causes of action were not ripe until the sale on the Property closed and proceeds were distributed in January 2016, *see* Reliable's Reply ¶¶ 24–25, Reliable knew of the HS 45 John Settlement since October 2015, when the motion to approve the settlement was filed, yet Reliable only filed this Motion in July 2016. It has not provided a sufficient basis for this delay. *See Dais v. Lane Bryant, Inc.*, 2000 WL 145755, at *2 n.5 (S.D.N.Y. Feb. 8, 2000) ("[T]he Court may deny a motion to amend where the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.") (citation omitted).[8]

Moreover, it appears futile to add the proposed fifth cause of action. Under the applicable standard, the Court must accept the facts alleged by Plaintiff as true. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005); *see also Alexander Interactive, Inc.*, 2014 WL 113728, at *4 (stating "[l]eave to amend may also be denied as futile when the pleading would not survive a motion to dismiss.") (citing cases). The proposed fifth count alleges a violation of New York LLC Law § 508(a), which governs limitations on distributions to members. Section 102(i) of the New York LLC Law defines a "distribution" as "the transfer of property by a limited liability company to one or more of its members in his or her capacity as a member." N.Y. LLC § 102(i). The "distribution" alleged in the proposed fifth cause of action is

---

[8] These conclusions about the proposed fifth cause of action apply with equal force to the proposed sixth cause of action—the fraudulent conveyance claim—as both are based on the same facts. The Court has already concluded that the sixth cause of action cannot be added to this case given the Plaintiff's lack of standing.

a payment that was made pursuant to the court-approved HS 45 John Settlement. Given that undisputed fact, it does not appear that any distributions were made by an LLC, which would fall under Section 508(a). *See cf. In re 37-02 Plaza, LLC*, 387 B.R. 413, 421–22 (Bankr. E.D.N.Y. 2008) (finding payments to former members of LLC were not distributions but rather were made pursuant to a contractual obligation under notes).[9]

The Court also concludes that the Motion must be denied as to the proposed seventh cause of action for unjust enrichment. That proposed claim alleges that Mr. Miller and Mr. Dong, along with other members of Sullivan 90, improperly received distributions from the sale of the Sullivan 90 property in August 2016. *See* Proposed SAC ¶¶ 131–140. Like proposed count five, this amendment would require significant additional discovery and further delay trial, indeed even more so. For example, there may be members of Sullivan 90 besides Mr. Dong who received funds from the sale and thus, presumably should share in any alleged liability on claims arising from that sale. *See* November 2016 Hr'g Tr. 34:4–8. Indeed, the Proposed SAC contemplates such additional parties. *See* Proposed SAC ¶¶ 135, 137 (referring to "other members" of Sullivan 90 that received distributions). Discovery would be necessary to learn who those parties are. *See* November 2016 Hr'g Tr. 34:9–19, 35:18–36:4 (Mr. Dong's counsel stating Sullivan 90 would need to conduct its own discovery and Plaintiff's fraudulent transfer claims would involve further fact discovery); *see also id.* at 44:9–45:15 (Court explaining that because Reliable seeks to add claims for distributions made pursuant to a Sullivan 90 sale,

---

[9] Mr. Dong argues that the new proposed fifth and sixth cause of action based on the $1.5 million distribution are without merit because Debtor Lofts did not make any distributions after it was rendered a shell when Mr. Miller and Mr. Sprei diverted the down payment of HS 45 John. *See* Dong Opposition at 13–14, 22, 24. Reliable disputes this, arguing that Debtor Lofts was the owner of the Property until it was sold in January 2016. *See* Reliable's Reply ¶¶ 30–32. In the HS 45 John bankruptcy, however, there was a dispute about whether buyer HS 45 John could claim ownership of the Property as a vendee-in-possession. This issue regarding the ownership of the Property was resolved under the HS 45 John Settlement, so that the Property could be sold for the benefit of all creditors without further litigation over ownership.

15

defendants have a right to conduct discovery as to other parties who received similar distributions). Permitting this amendment would allow the present litigation to significantly expand beyond its current scope—the Debtor's failure to repay the Loan from Reliable—to encompass other transactions, like the sale of the Sullivan 90 property, related litigation against any party who received a distribution from the Sullivan 90 sale, and any cross-claims that might naturally follow. *See, e.g.*, *id.* 32:14–18 (counsel for Mr. Dong arguing that claims against Sullivan 90 are Plaintiff's "springboard to go after" the distribution made to Mr. Dong by Sullivan 90 when that property was sold in August 2016); *id.* 33:8–24, 34:4–19 (counsel for Mr. Dong arguing that permitting the addition of Sullivan 90 and the proposed seventh cause of action would result in additional discovery and essentially an entirely new litigation).

## **CONCLUSION**

For all the reasons stated above, the Court grants the Motion in part and denies it in part. Plaintiff is directed to file an amended complaint consistent with this Order within 14 days. Having addressed the Motion, the Court turns to its last concern: the proper way to handle this case going forward. The Debtor Lofts raises a legitimate concern that it currently has no liquid assets. It is concerned that further litigation in this case now would be a waste of estate resources until such time as the Debtor has assets available for distribution. *See* Debtor's Opposition ¶ 5. In effect, the Debtor requests a stay of this litigation on Reliable's claims until the Debtor can determine whether it has assets. *See* November 2016 Hr'g Tr. 24:4–11, 25:10–15. This issue is distinct from the question raised by the Motion but is nonetheless important in considering the appropriate course of action for this adversary proceeding and this bankruptcy. The Court directs the parties to confer in good faith on this issue and to contact the Court within

21 days of this Order to schedule a status conference relating to this matter.

Date:  New York, New York
       April 14, 2017

                                      */s/ Sean H. Lane*_____
                                      UNITED STATES BANKRUPTCY JUDGE